## AGNELLI v. SHATZKIN.

### (Supreme Court, Appellate Term.　June 9, 1910.)

CORPORATIONS (§ 360*)—LIABILITIES OF OFFICERS TO CREDITORS—FRAUDULENT TRANSFERS—PLEADING.

> Under Stock Corporation Law (Consol. Laws, c. 59) § 66, prohibiting transfers to officers or stockholders of a corporation under certain circumstances, and providing that every director or officer of a corporation who shall violate any provisions of this section shall be personally liable to the creditors, etc., to the full extent of the loss they may sustain by such violation, the loss to the creditors is the basis of the action, and plaintiff must allege and prove facts showing such loss, and a complaint merely alleging that defendant, the president of a corporation, while the same was insolvent, caused to be transferred from the corporation to himself land which the corporation had agreed to sell to plaintiff's assignor, for the purpose of defrauding plaintiff's assignor, and that plaintiff was a corporation creditor, failed to state a cause of action, in not setting forth facts showing the amount of plaintiff's loss.

> [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1503; Dec. Dig. § 360.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Saverio Agnelli against Abraham Shatzkin. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Simon H. Glass, for appellant.
Thomas H. Ray, for respondent.

LEHMAN, J.　The plaintiff alleges in his complaint that he is the assignee of a judgment rendered against the corporation of A. Shatzkin & Sons, Incorporated, on November 8, 1909, for the sum of $261.-36; that the defendant was on and after the 5th day of May, 1909, "the president and director of said corporation," and after the said 5th day of May the sole owner of its capital stock; that on the 5th day of May, 1909, the defendant caused to be transferred from the corporation to himself a plot of land which the said corporation had by contract agreed to sell to the plaintiff's assignor; that in the month of August, 1909, the defendant transferred a second piece of real estate, signing the deed as president of the corporation; that both these transfers were made in violation of section 66, art. 4, c. 59, of the Consolidated Laws; and that said acts "were committed while the corporation was insolvent for the purpose of and did actually defraud" the plaintiff's assignor, and plaintiff is one of the creditors of the said corporation. The defendant has demurred to this complaint, and the demurrer has been overruled.

The respondent claims that this complaint sets forth a cause of action under section 66 of the stock corporation law, which prohibits transfers to officers or stockholders of a corporation under certain circumstances, and provides that:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Every director or officer of a corporation who shall violate or be concerned in violating any provisions of this section shall be personally liable to the creditors and stockholders of the corporation of which he shall be director or an officer to the full extent of any loss they may respectively sustain by such violation."

The statute does not make the director liable for any claims which the creditors may have against the corporation, but only for any loss which the creditors may sustain by reason of the violation of the statute. The loss to the creditors is the basis of the action. The amount of the loss of any creditor is the difference between the amount which he would have received from the corporation if its property had not been diverted and the amount which he can obtain from the corporation after this diversion. The plaintiff, to sustain a cause of action under this statute, should allege in the complaint and prove at the trial facts that will enable the court to determine this loss. The complaint in this action fails to set forth such facts, and the demurrer should be sustained.

The judgment should be reversed, and the demurrer sustained, with costs to appellant, with leave to the plaintiff to amend his complaint within 10 days, upon payment of costs in the court below and upon appeal. All concur.